## Magill *against* Tomer.

After a judgment by a justice of the peace, the defendant offered to confess a judgment for a less sum, which the plaintiff refused to accept, and the defendant appealed; the plaintiff recovered a verdict for a less sum than the offer of the defendant before the justice. *Held*, that the defendant was entitled to recover his costs since the appeal, and that the court might set off the amount against the amount of the verdict.

ERROR to the common pleas of *Allegheny* county.

Robert Magill *v.* Jacob Tomer. The plaintiff brought this suit before a justice, who rendered a judgment for him on the 10th of May 1836, for 66 dollars. On the 21st of May the defendant offered to confess a judgment for 55 dollars, and his offer was entered upon the record of the justice; and of this the defendant gave the plaintiff notice. On the 28th of May the defendant appealed. The cause was afterwards tried in court, and a verdict rendered for the plaintiff for 50 dollars. On a rule to show cause, the court (Dallas, president) ordered the defendant's bill of costs, since the appeal, to be set off against the amount of the verdict. This was assigned for error.

*M'Candless*, for plaintiff in error.
*Stewart* and *Livingston*, contra.

PER CURIAM.—The statute declares it to be the duty of the justice to enter the offer to confess judgment, on his docket; and he is, consequently, the person to receive it. Indeed, it could not be otherwise where, as in this case, the attendance of the plaintiff had been rendered unnecessary by the recovery of a previous judgment, and where he could not be expected to be present at the time of the offer. In this respect, then, the letter of the law was complied with; and as to notice, it is silent. It is unnecessary to determine whether service of notice be the business of the magistrate or of the party, it being sufficient that the plaintiff actually had it. As he did not recover, by his appeal, more than he might have had without, he incurred the costs of it; and these were properly deducted from the debt.

Judgment affirmed.